UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO.: 5:10-CV-91-KKC-HAI

KURT ROBERT SMITH,
                                                                                       PETITIONER

v.                     **OPINION AND ORDER**

CLARK TAYLOR, Warden,
                                                                                      RESPONDENT

*** *** *** *** *** *** ***

This matter is before the Court on the objections of the petitioner, Kurt Robert Smith, to a report and recommendation issued by the Magistrate Judge. The Magistrate Judge recommends that this Court deny Smith's petition for a writ of habeas corpus under 28 U.S.C § 2254.

On November 5, 2013, Smith filed objections [DE 30] to the Magistrate Judge's report and recommendation. This Court must make a *de novo* determination of those portions of the recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

    **I.    Background**

Smith was convicted after a trial in state court of wanton murder for the death of his six-week-old son, Blake. He was sentenced to life imprisonment.

In his petition, Smith asserts four claims of ineffective assistance of counsel. He argues that his trial counsel was ineffective because she 1) failed to consult with a mental health expert and investigate mental health defenses; 2) failed to

1

investigate and present readily available mitigation evidence at sentencing; and 3) failed to object to jury instructions regarding extreme emotional disturbance and intent. For his fourth ineffective assistance of counsel claim, Smith contends that the totality of the ineffective assistance of counsel denied him a fair trial. For his fifth claim on habeas review, Smith argues that his Fifth and Sixth Amendment rights were violated when the Commonwealth Attorney cross-examined him at trial regarding his exercise of his post-arrest, pre-trial right to remain silent.

The Magistrate Judge rejected all five of Smith's claims, Smith objects to the Magistrate Judge's recommendation with regard to only two of his ineffective assistance of counsel claims.

The first claim is that Smith's trial counsel performed her duties deficiently because she failed to obtain a mental health evaluation of Smith or consult with a mental health expert. The second claim is that Smith's trial counsel failed to investigate and present readily available mitigation evidence at sentencing. Smith presented these arguments to the Kentucky Court of Appeals and that court ordered the Fayette Circuit Court to hold an evidentiary hearing on these issues.

After the hearing, the trial court held that Smith's trial counsel "did not abuse her professional discretion in providing substantial representation for the Defendant," that counsel's decisions regarding a mental health evaluation and the presentation of mitigation witnesses at the sentencing phase were strategic trial decisions rather than instances of deficient performance, and "any error complained

2

of would not have resulted in a different outcome for [Petitioner]." [DE 7-20, at 19-20].

After *de novo* review, the Kentucky Court of Appeals found no error in the trial court's conclusions that Smith's counsel was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show that counsel's performance was deficient and that the deficient performance prejudiced the defense.

The *Magistrate* Judge determined that the Kentucky Court of Appeals accurately described the *Strickland* standard and appropriately disposed of Smith's ineffective assistance of counsel claims. Smith objects, arguing that 1) the Magistrate Judge's analysis of the deference afforded to the state court was incorrect; 2) the state court's finding that trial counsel's performance was not deficient was unreasonable; and 3) the state court did not review the prejudice prong of *Strickland* and thus this Court should review it *de novo*.

**II. Analysis**

The Magistrate Judge was correct in his analysis of the standard of review and deference due to state court decisions on habeas review. As noted by the Magistrate Judge, the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA) applies to all habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Therefore, state court factual and legal determinations require "heightened respect." *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The "double deference" standard utilized

by the Magistrate Judge is in line with the Supreme Court's reasoning in *Harrington v. Richter*, 131 S.Ct. 770 (2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* at 788 (citations omitted).

The Court also agrees with the Magistrate Judge's determination that the Kentucky Court of Appeals accurately described the *Strickland* standard when rejecting Smith's ineffective assistance of counsel claims. "We have said that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment,' and that the burden to 'show that counsel's performance was deficient' rests squarely on the defendant." *Burt v. Titlow*, 134 S.Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 687, 690).

The Kentucky Court of Appeals reviewed the performance of Smith's counsel *de novo* and analyzed the factual record established at the hearing. Counsel testified at the evidentiary hearing regarding her decisions not to pursue a mental health defense and not to consult a mental health expert. Counsel said she was aware of Smith's childhood behavioral problems, but that she did not explore mental health defenses because 1) she did not believe Smith showed signs of mental illness under Kentucky law and 2) she feared that introducing such evidence at trial would damage her ability to portray Smith as a sympathetic figure. [DE 7-25, at 22-23]. These two reasons taken together led the Court of Appeals to find that counsel's

decision not to pursue a mental health defense and not to consult a mental health expert were based on reasonable trial strategy. [DE 7-25, at 24].

The Magistrate Judge found the Kentucky Court of Appeals applied *Strickland* in a "deliberate and reasoned manner." [DE 30, Recommendation at 12]. Smith objects to this finding and contends that trial counsel failed to make a reasonable investigation into potential mental health defenses prior to making strategic decisions. He argues that counsel cannot make an objectively reasonable trial strategy prior to a thorough investigation.

This Court agrees with the Magistrate Judge's analysis of this claim. The Magistrate Judge correctly found this Court's review of the Court of Appeals' decision is "more lenient due to the double deference due under AEDPA." [DE 30, Recommendation at 12]. This Court does not directly review the investigation of trial counsel for reasonableness but instead reviews the Kentucky appellate court's decision to determine if it is reasonable under *Strickland*. The Kentucky appellate court determined that trial counsel's fear that pursuing a mental health defense would open the door to damaging evidence regarding the petitioner was reasonable strategy. This Court cannot find that decision was an unreasonable application of *Strickland*.

Smith also alleges that his trial counsel was deficient for failing to call readily available mitigation witnesses to speak on his behalf regarding a poor home environment and his father's abusive behavior. Smith named four witnesses who testified at the evidentiary hearing as potential mitigation witnesses whom trial

5

counsel did not thoroughly investigate or call to the stand and he argues counsel's inaction violated both prongs of *Strickland*. [DE 1, at 63-72].

The Kentucky Court of Appeals determined that Smith's trial counsel did not render deficient performance under *Strickland* by failing to present the named mitigation witnesses at sentencing. At the hearing before the trial court, Smith's counsel testified "that she was fully aware of [Petitioner's] familial issues and issues relating to his mental state." [DE 7-27, at 8]. Smith's counsel again testified that her decision to not call the listed mitigation witnesses was a result of her fear that it would open the door to unfavorable evidence. The Kentucky Court of Appeals determined counsel's fear was not an unreasonable one and therefore found a lack of deficient performance under *Strickland*. [DE 7-27, at 9].

The Magistrate Judge found that "given the required double deference due under AEDPA, the Court's focus is upon the opinion of the Court of Appeals, not strictly the action (or inaction) of counsel." [DE 30, Recommendation at 19]. The Kentucky Court of Appeals found counsel's decision not to call the witnesses named by Smith another instance of her reasonable trial strategy and not deficient performance. The Magistrate Judge concluded the Court of Appeals "applied the reasonableness evaluation dictated by *Strickland* to the particular facts before it," and, therefore, did not apply *Strickland* in an unreasonable manner. [DE 30, at 19-20].

Smith objects to this finding and contends that the state court's ruling was based on an unreasonable determination of the facts. The Kentucky Court of

6

Appeals noted that Smith's trial counsel testified she "was fully aware of [Petitioner's] familial issues relating to his mental state," and the Magistrate Judge cites to this in his report and recommendation. [DE 30, at 19]. Smith argues this is an unreasonable determination of the facts because trial counsel failed to speak with the four named witnesses regarding potentially available mitigating evidence.

The Court agrees with the Magistrate Judge's determination that the Kentucky Court of Appeals did not apply *Strickland* in an unreasonable manner. While Smith's trial counsel may not have spoken with two of the potential witnesses identified by Smith, the Court of Appeals stated:

> "[Counsel] specifically remembered talking to Smith's mother, father, stepmother, sister, stepbrother, and a number of other family members and friends. She also reviewed a number of items relating to Smith's background and history, including custodial evaluations, his parents' divorce file, his school records, juvenile transfer documents, and dispositional reports from Smith's two previous juvenile convictions."

[DE 7-25, at 8].

Also, the Court of Appeals noted that Smith's trial counsel knew Petitioner from a prior representation in a case where he had been charged with marijuana possession.

The interactions with Smith and his family and friends led trial counsel to make the strategic decision not to call mitigation witnesses at sentencing for fear of allowing the Commonwealth to bring in unfavorable evidence. The Court of Appeals found this fear was reasonable and thus did not constitute deficient performance. [DE 7-25, at 19]. The Court finds this application of *Strickland* is not unreasonable.

7

Because the Kentucky Court of Appeals did not unreasonably apply *Strickland* when it found counsel's performance was not deficient, there is no need to reach the issue of prejudice. Therefore, Smith's two claims of ineffective assistance of counsel fail.

**III.    Evidentiary Hearing**

The Court also agrees with the Magistrate Judge's recommendation regarding Smith's Motion for an Evidentiary Hearing to address the question of whether he was prejudiced by trial counsel's failure to investigate possible mental health defenses. As correctly noted by the Magistrate Judge, the record is complete as to whether counsel's performance was deficient. Therefore, an evidentiary hearing on the prejudice prong of the *Strickland* standard would be futile because Smith could still not satisfy the deficient performance prong. Therefore, Smith's Motion for an Evidentiary Hearing is denied.

**IV.    Certificate of Appealability**

Smith also filed a Motion for a Certificate of Appealability. For the reasons stated by the Magistrate Judge, that motion will be denied.

## V. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

(1) the Magistrate Judge's Report and Recommendation is ADOPTED in its entirety as the Court's opinion;

(2) Petitioner's objections to the Magistrate Judge's Report and Recommendation [DE 30] are OVERRULED;

(3) Petitioner's Petition for Writ of Habeas Corpus is DENIED;

(4) Petitioner's Motion for an Evidentiary Hearing is DENIED;

(5) a Certificate of Appealability SHALL NOT BE ISSUED; and

(6) Judgment will be entered contemporaneously with this Opinion and Order in favor of Respondent.

Dated July 16, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY